AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

| United States of America | ) |
| v. | ) |
| Lucinda Sepulveda Picon | ) Case No. 2:2:mj.600 |
| | ) |
| | ) |
| | ) |
| Defendant(s) | ) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of  Aug. 24, 2018 to Nov. 22, 2019  in the county of  Franklin  in the
 Southern  District of  Ohio , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 666(a)(1)(A) | Federal Program Theft |

This criminal complaint is based on these facts:
See attached affidavit

☑ Continued on the attached sheet.

_____
Complainant's signature

FBI Special Agent Jeffrey D. Rees
Printed name and title

Sworn to before me and signed in my presence. — via Facetime

Date: 9/20/2021

_____
Elizabeth A. Preston Deavers Judge's signature
United States Magistrate Judge
Printed name and title

City and state:  Columbus, Ohio

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Jeffrey D. Rees, being first duly sworn, hereby depose and state as follows:

### I. INTRODUCTION

1. I am a Special Agent (SA) of the Federal Bureau of Investigation (FBI) and have been so employed since August 1998. I am currently assigned to the Public Corruption/Civil Rights Squad of the Cincinnati Division. In this capacity, I investigate matters involving Corruption by Public Officials, Law Enforcement/Prison Corruption, Obstruction of Justice, Color of Law/Civil Rights Violations (Hate Crimes), Fraud against the Government, and Election Fraud. I have received training and obtained investigative experience in interviewing and interrogation techniques, arrest procedures, search and seizure, and search warrant applications.

2. As an investigative officer, or law enforcement officer, I am authorized to investigate violation of laws of the United States and to execute warrants under the authority of the United States. Consequently, I am an "investigative or law enforcement officer of the United States," within the meaning of Section 2510(7) of Title 18, United States Code, that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Section 2516 of Title 18, United States Code.

3. I am familiar with the facts and circumstances of this case. The information contained in this Affidavit is either personally known to me, based upon my interviews of various witnesses and review of various records and publicly available information, or has been relayed to me by other Agents or sworn law enforcement personnel. Because this affidavit is being submitted for the limited purpose of obtaining a criminal complaint and arrest warrant, I have not included each and every fact known to me concerning the investigation. I have set forth facts to establish probable cause for the charges in the complaint.

1

4. Based on my training and experience and the facts set forth in this affidavit, there is probable cause to believe that a violation of 18 U.S.C. Section 666(a)(1)(A) (Federal Program Theft) has been committed by Lucinda Sepulveda Picon.

## II. PROBABLE CAUSE

5. In approximately June 2020, the FBI initiated an investigation into Lucinda Sepulveda Picon, Ebony Wheat, and three other individuals, for suspected violations of federal law.

6. VICTIM: The Community Shelter Board (CSB) describes its mission on its website as follows: "We lead a coordinated, community effort to make sure everyone has a place to call home. We bring together 16 agencies across Columbus and Franklin County, Ohio to work together as a cohesive system for change… We maximize effective and efficient use of resources to achieve the best possible collective impact for Columbus and Franklin County. With the support of a compassionate community, our system of care served 15,000 people last year with homelessness prevention, shelter, street outreach, rapid re-housing, and permanent supportive housing." In each of 2017, 2018, and 2019, CSB received millions of dollars of Federal benefits from the U.S. Department of Housing and Urban Development.

7. DEFENDANT: Lucinda Sepulveda Picon resides in the Southern District of Ohio.

8. BACKGROUND: Between on or about August 24, 2018 and November 22, 2019, Wheat caused CSB to issue approximately 67 checks to Picon, which totaled $153,026. The payments were ostensibly for housing of clients at properties for which Picon was purported to be the property manager. Picon did not own any properties. In addition, Picon's bank records did not include any records of payments from tenants, payments to landlords, nor any transactions related to the management of rental properties. The CSB program through which payments were

2

made to Picon was intended to pay only for a tenant's first month of rent, with the subsequent months being paid by the tenant. Picon's bank records did not show any transactions between her and any of the tenants or property owners identified in the CSB records, which provided documentation for the payments made to Picon.

9. Moreover, according to an audit conducted by CSB, none of these tenants received any housing from Picon as a result of these payments. These clients were either denied housing assistance altogether by CSB, or, if they received housing assistance from CSB, CSB paid it to a legitimate landlord who provided the housing.

10. Picon received the 67 checks at irregular intervals and in varying amounts. For example, in May 2019, she received six checks from CSB, totaling $14,750, and varying in amounts from $1,600 to $3,800. Picon deposited five of the checks she received from CSB into her personal bank account, and cashed eleven of the checks. For the remaining 51 checks Picon received from CSB, she deposited a portion of the check and received the remainder in cash.

11. During the time period in which she was receiving CSB checks, Picon made approximately 20 electronic payments through Square Cash to Wheat, totaling $9,349. Wheat made just one electronic payment to Picon through CashApp on August 8, 2019 for $450. Wheat made approximately 1 electronic payment to Picon, in the amount of $450. On approximately 13 occasions, Wheat made large cash deposits into a personal bank account on the same day that Picon obtained cash from a portion of a CSB check.

12. On September 21, 2020, the Affiant interviewed Wheat. On that day, Wheat stated that Picon was paid by CSB to provide housing to homeless individuals, that Wheat knew Picon personally, that Picon had made payments to her for babysitting, and that she and Picon had loaned money to each other. During this interview, Wheat denied knowing that Picon was not actually

3

providing any housing in exchange for the payments from CSB. Wheat also denied that the payments she received from Picon were in exchange for any role Wheat played in obtaining the CSB payments made payable to Picon.

13. On October 8, 2020, the Affiant interviewed Picon. Picon reported during this interview that she had provided her personal information to Wheat and then she received checks from CSB. Picon reported that she believed she was entitled to the checks from CSB and that Wheat had told her the CSB checks were for Picon's property in Puerto Rico. Picon stated that she was never a property manager and she was not aware of what Wheat had reported to CSB. Picon admitted that she made payments to Wheat but reported that they were loans and unrelated to the payments Picon had received from CSB.

14. On May 21, 2021, Wheat pleaded guilty to having fraudulently caused CSB to send checks to Picon and others, in violation of 18 U.S.C. Section 666(a)(1)(A) (Federal Program Theft). According to the agreed Statement of Facts in the plea agreement, Wheat admitted that she "used her position at CSB to falsify applications for direct rent assistance and cause CSB to cut checks to acquaintances of hers who were not landlords or property managers and did not provide housing or other services for CSB clients. These acquaintances, whom Wheat recruited to participate in the thefts, have been identified as including R.M., [Lucinda Sepulveda Picon], O.H., and K.M. . . . Wheat generally obtained the checks herself and hand-delivered them to her co-conspirators. Sometimes Wheat met her co-conspirators at a bank. At such times, Wheat delivered the check, then waited for the recipient to enter the bank, cash the check, and return some of the proceeds to Wheat. Other times, Wheat delivered checks at the recipients' homes or at her office. Wheat frequently received payments via cash-transfer apps from her co-conspirators on the same day that checks were delivered."

4

15. Wheat received electronic payments from Picon often within just a few days after Picon received a CSB check from Wheat. For example, on or about July 12, 2019, Picon received a check from CSB, for $3,800. The following day, Picon sent $1,750 to Wheat via a cash-transfer app.

16. The facts presented in this affidavit are not a complete recitation of all the facts known to law enforcement. Rather, this affidavit is solely offered to establish probable cause for the crime presented in this affidavit.

17. Based upon a review of the documents described above, and based on my knowledge and experience with investigating federal criminal violations, I, as your Affiant, have probable cause to believe Lucinda Sepulveda Picon committed the offense of Federal Program Theft, in violation of Title 18, United States Code, Section 666(a)(1)(A).

Respectfully submitted,

Jeffrey D. Rees
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me this 20th day of September, 2021.

Elizabeth A. Preston Deavers
United States Magistrate Judge
United States Magistrate Judge